DREW, Justice
(concurring specially).
While I am inclined to the view that a public reprimand would be more appro *589 priate in this cause than the six months suspension, I nevertheless concur in the judgment because, as I understand it, this attorney will have the privilege of asking to be reinstated at any time after June 30, 1960. In the event reinstatement is sought, however, I think it should be emphasized that matters of this kind should receive the prompt attention and consideration of those whose responsibility it is to investigate and determine these matters initially. Nothing contributes more to bringing the Bench and Bar into disrepute than the long and interminable delays which sometimes, and too often, occur in the administration of justice. Such delays in disciplinary matters are particularly detrimental to the general welfare and tend to lower the respect of the public for the Bench and Bar.[1] If an accused attorney should be adjudged to be innocent of such charges, long delays bring about incalculable harm to him. If he is ultimately adjudged to be guilty, the net result of long delays has been to allow an unworthy member of the Bar to continue in the practice of law alongside the worthy and honorable members of the profession and in its courts of justice.
This case began in December, 1955 with the filing of a letter with one of the Dade County Grievance Committees accusing Mr. Bieley of unprofessional conduct. No hearing was had on this complaint until 'September 22, 1956. The hearings before the Grievance Committee continued until •October 6, 1956 at which time they were •concluded and, thereafter, in February, 1957, the Grievance Committee reported its findings to the Board of Governors in which they recommended that appropriate disciplinary action be taken. Nearly a year and a half later, on June 20, 1958, a formal complaint was filed against the respondent. On the 20th of November, 1958, the referee appointed in the cause conducted a hearing which consisted of a short amount of testimony of the accused, Mr. Bieley, and the introduction in evidence of the transcript of testimony taken before the Grievance Committee some two years prior thereto. The referee’s findings are dated approximately one year later on, to wit: November 17, 1959, in which he recommended that, because of the long pendency of the proceedings, the respondent had suffered the equivalent of a suspension from the practice of law and that a reprimand should be made by the Board of Governors and action terminated on the complaint. The matter was considered by the Board of Governors and on the 30th of December, 1959, it entered its judgment suspending the accused for a period of six months and until he should be reinstated and pay the sum of $493.40 in costs in the proceedings. This judgment was filed in this Court on December 30, 1959. Due notice was given thereof to the respondent who filed his application for review on January 28, 1960 and the matter was duly argued before this Court on the 7th day of April, 1960.
More than four years have elapsed from the date of the filing of the original complaint before the Grievance Committee to *590 the date of the filing of the judgment of the Board of Governors in this cause. I can discern no justification for taking all these years to bring to a conclusion an investigation of this nature. One of the great truths is that “justice delayed is justice denied”. It is my view that if the Bar is to continue to supervise its own ranks and be responsible therefor, assuredly a worthy objective, its proceedings must be expedited and there must be a prompt disposition of these cases.
THOMAS, C. J., and TERRELL and THORNAL, JJ., concur.

. In the case of Murrell v. Florida Bar, -So.2d -, this Court observed:
“The disciplinary Buie requires that ‘all investigations and hearings of disciplinary •cases shall be begun, prosecuted, and com■pleted as promptly as the ends of justice will permit. All investigations and hearings shall be informal but thorough, with objective of ascertaining the truth.’ This ús a most essential requirement, the reason being that the minute such a proceeding is .instituted the lawyer’s professional reputation is shadowed and in danger of 'being permanently impaired. Such charges should not be suspended in limbo. They should be dispatched and if found to be without merit the lawyer charged should be exonerated. Charges of unprofessional conduct are not intricate or difficult to fathom. An experienced lawyer will develop the truth in such charges much after the fashion his wife’s intuition works with proper inducement to activate it. Any experienced trial lawyer has observed that those who make such charges will often on cross examination ‘spill the beans’ and provoke such comments as those evoked by the chancellor in the chancery case pointed out herein.”